Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
TIMOTHY DAWSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DAWSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>T.D. BANK US HOLDING COMPANY,<br>and TD BANK, N.A.<br><br><br>　　　　　Defendants, | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. TIMOTHY DAWSON (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against TD BANK US HOLDING COMPANY, and TD BANK, N.A. (hereinafter collectively referred to as "TD Bank" or "Defendants") pertaining to actions by Defendants to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to,

collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [CAL. CIV. CODE §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case

---

[1] CA Civil Code §§ 1788.1(a)-(b)

*Dawson v. T.D. Bank US Holding Company et. al., - Complaint for Damages*

regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

7. This action is based upon Defedants' violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section 227, *et seq.*

8. This Court has jurisdiction over Defendants, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of Ventura, California.  Furthermore,

Defendant regularly conducts business within State of California, County of Ventura, and Plaintiff resides in Ventura County, California.

## PARTIES

11. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of Ventura, in the State of California.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing by Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

13. On information and belief, Plaintiff alleges that Defendant TD Bank US Holding Company is, and at all times mentioned herein was, a Delaware corporation headquartered in New Jersey and doing business throughout the country, including this District.  TD Bank US Holding Company is, and at all times mentioned herein, was a foreign corporation doing business within the State of California.

14. On information and belief, Plaintiff alleges that Defendant TD Bank N.A., is, and at all times mentioned herein was, a National Banking Association headquartered in New Jersey and doing business throughout the country, including this District.  Defendant TD Bank N.A., is, and at all times mentioned herein, was a foreign corporation doing business within the State of California.

15. On information and belief, Defendant TD Bank, N.A., is a wholly-owned subsidiary of TD Bank US Holding Company.

16. On information and belief, Defendant TD Bank US Holding Company and Defendant TD Bank, N.A., share physical locations, management, and overlapping business such that they are in essence indistinguishable aside from name and formal structure.

17. On information and belief, Plaintiff alleges that Defendants' primary business operations are the issuance of unsecured consumer loans and credit cards, and the collection of amounts due and owing on those accounts.

18. On information and belief, Defendants regularly engages through the course of its business in collection activities to collect consumer debts owed to it.

19. A significant portion of both of the Defendants' business operations are dedicated to collecting debts owed to itself, primarily consumer credit card debt and unsecured consumer loans. Part of the Defendants' regular business practices are to make repeated phone calls to persons it believes responsible for paying past-due debts.

20. Defendants are, and all times mentioned herein, were each corporations and "persons," as those terms are defined by 47 U.S.C. § 153(39).

21. Defendants regularly attempt to collect on "consumer debts" owed them, as that term is defined by Cal. Civ. Code §1788.2(f), through the use of the mails, electronic communication, and the telephone. Therefore, Defendants are each "debt collectors" as that term is defined by Cal. Civ. Code §1788.2(c), and engage in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

22. At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

23. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Therefore, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

24. Plaintiff incorporates by reference and realleges Paragraphs 1-23 above as if fully stated herein.

25. On or about May of 2018, Plaintiff took out a personal consumer retail installment loan with the Defendants.

26. Plaintiff maintained regular monthly payments due to Defendants, but eventually fell on financial hardship, and was unable to maintain his monthly payments to Defendants.

27. Upon going into default, agents for Defendants called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 1-5 times per day, almost every single day.

28. On multiple occasions, Defendants left Pre-Recorded Automated Voice messages for Plaintiff to call Defendants.

29. Plaintiff sought out and retained an attorney to represent him with regards to the debt that Defendants were collecting on.

30. On October 1, 2018, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendants.  The letter contained Plaintiff's name and a partial account number for identification (hereinafter referred to as: "Cease and Desist Letter No. 1").

31. Plaintiff's Counsel sent Cease and Desist Letter No. 1 to Defendants via facsimile on October 2, 2018.

32. The facsimile was confirmed via a 3rd party facsimile company to have been successfully transmitted, therefore Defendants received the facsimile transmission of Cease and Desist Letter No. 1.

33. Despite receiving Cease and Desist Letter No. 1, Defendants continued to call Plaintiff incessantly.

34. On October $2^2$, 2018, in an effort to get Defendants to stop calling Plaintiff, Plaintiff's Counsel drafted and sent a second cease and desist letter ("Cease and Desist Letter No. 2").

35. In Cease and Desist Letter No. 2, Plaintiff's Counsel again stated that he represented Plaintiff with regards to any claims held or serviced by Defendants. The letter contained Plaintiff's name and a partial account number for identification.

36. Plaintiff's Counsel sent Cease and Desist Letter No. 2 to Defendants via facsimile on October 2, 2018.

37. The 2nd facsimile was confirmed via a 3rd party facsimile company to have been successfully transmitted, therefore Defendants received the facsimile transmission of Cease and Desist Letter No. 2 as well.

38. Despite receipt of both Cease and Desist Letters Nos. 1 and 2, Defendants continued to incessantly call Plaintiff on his cellular telephone, often multiple times per day to collect on its claim.

39. Further, Defendants, or its agents or representatives, continued to call Plaintiff using an ATDS and/or Recorded Voice.

40. In both Cease and Desist Letter Nos. 1 and 2, Plaintiff's Counsel provided Plaintiff's name, and explained that a formal demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease, and that any future communication be exclusively sent to Plaintiff's Counsel.

41. In both Cease and Desist Letter Nos. 1 and 2, the verbiage expressly revoked consent to contact Plaintiff in any fashion, including via calling him with the use of an Automated Telephone Dialing System and/or Recorded Voice.

42. Plaintiff's Counsel then advised Plaintiff to pick up the collection calls from

---

[2] Although the letter is dated October 1st 2018, it was in fact drafted and successfully transmitted by facsimile on October 2nd 2018.

Defendants and to state that he had retained counsel.  On his Counsel's advice, Plaintiff subsequently informed representatives of the Defendants that Plaintiff had retained counsel and instructed those representatives to cease contacting Plaintiff.

43. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.  Despite said oral revocation, agents for the Defendants continued to call Plaintiff using an ATDS and/or Recorded Voice.

44. On November 20, 2018, Plaintiff's Counsel drafted a third Cease and Desist Letter to Defendants ("Cease and Desist Letter No. 3").  In Cease and Desist Letter No. 3, Plaintiff's Counsel provided Defendants with Plaintiff's name and the last 4 digits of his social security number.

45. Similar to the previous two (2) Cease and Desist Letters, Cease and Desist Letter No. 3 again expressly stated that Plaintiff was represented by Counsel and that pursuant to Cal. Civ. Code § 1788.14(c), Defendants should have ceased all direct communication with Plaintiff.  Additionally, Cease and Desist Letter No. 3 again revoked any alleged consent given by Plaintiff to be contacted by an ATDS and/or Recorded Voice.

46. Plaintiff's Counsel sent Cease and Desist Letter No. 3 to Defendants via a third party mailing service known as Docsmit!.

47. Docsmit! records reflect that on November 20, 2018 Cease and Desist Letter No. 3 was mailed to Defendants at:

>   TD Bank, N.A.
>   1701 Route 70 East
>   Cherry Hill, New Jersey 08034

48. Pursuant to Docsmit!'s records, Defendants received the mailed copy of Cease and Desist Letter No. 3 via U.S. Mail.

49. Despite receipt of Cease and Desist letter No. 3 via U.S. Mail, Defendants

continued to call Plaintiff via the use of an ATDS and/or Recorded Voice.

50. Despite receipt of two Cease and Desist Letters by facsimile and one more letter by mail, and receiving oral revocation of consent to contact Plaintiff via any means including via the use of an ATDS and/or Recorded Voice, Defendants continued to incessantly call Plaintiff on his cellular telephone, often multiple times per day to collect on its claim.

51. Furthermore, Defendants, or their agents or representatives, continued to call Plaintiff at his place of employment, despite being informed by Plaintiff that he was not allowed to accept calls and informed Defendants to stop calling his place of employment as it was inconvenient and harassing for them to do so.

52. Defendants, or their agents or representatives, have contacted Plaintiff on his cellular telephone over fifty (50) times since October 2, 2018, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

53. Despite receipt of two (2) separate letters sent via facsimile and one (1) by mail, along with oral instructions to cease calling Plaintiff via the telephone on multiple occasions, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendants continues to contact Plaintiff repeatedly on his cellular telephone via the use of an ATDS to date.

54. On information and belief, these collection calls were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

55. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called Plaintiff at certain

times from random numbers, usually multiple times a day with varying call times.

56. Many of the Defendants' calls to Plaintiff after receiving Cease and Desist Letters Nos. 1-3 contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

57. The multiple calls made by Defendants or their agents after October 2, 2018 were therefore made in violation of 47 U.S.C. § 227(b)(1).

58. Further, when Plaintiff answered the telephone, Defendants' agents were rude, abusive, and aggressive when they called to collect from Plaintiff.   They would rebuke Plaintiff's requests to cease calling and have continued to harass Plaintiff to date, despite his repeated oral and written requests to cease their harassment.

59. These interactions and unlawful debt collection practices caused emotional distress to Plaintiff.

60. Plaintiff has received so many collection calls by the Defendants that his voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of his cellular telephone plan.

61. Upon information and belief, Defendants regularly make autodialed telephone calls with Recorded Voices in order to collect on past due debts owed to them.

62. Upon information and belief, the Defendants' telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

63. Upon information and belief, the telephone equipment used by the Defendants to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

64. Defendants' collection calls to Plaintiff described herein, were not made for

emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

65. Defendants' collection calls to Plaintiff described herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

66. Defendants placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

67. Defendants' aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that the Defendants repeatedly interrupted Plaintiff with unwanted calls using an ATDS and/or Recorded Voice for collection purposes.

68. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

69. Defendants' calls forced Plaintiff to live without the utility of his cellular phones by occupying his cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

70. As a result of the Defendants' relentless and harassing collection calls and letters, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

71. These calls have consumed him day and have caused a severe disruption to Plaintiff's life, due to the extreme frequency of calls by the Defendants.

72. As a direct and proximate result of the aforementioned harassment committed by the Defendants, the Plaintiff has suffered emotional distress.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

### (CAL. CIV CODE § 1788.14(c))

73. Plaintiff realleges and incorporates by reference Paragraphs 1 through 72, inclusive, as if fully set forth.

74. Plaintiff's Counsel sent Cease and Desist Letters Nos. 1 and 2 via facsimile to Defendants, and also sent Cease and Desist Letter No. 3 via U.S. Mail. Further, Plaintiff orally informed the Defendants agents that he had retained Counsel. Therefore, the Defendants were aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding these debts.

75. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

76. By calling Plaintiff over fifty (50) times since receipt of Cease and Desist Letters Nos. 1, 2, sent by both facsimile and No. 3 via US Mail, the Defendants violated Cal. Civ. Code §1788.14(c).

77. As a result of the constant collection calls from the Defendants, Plaintiff has

experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by the Defendants are overwheling.  Plaintiff is constantly afraid to answer his phone and he cringes when his phone rings.

78. Therefore, as a direct and proximate result of the unlawful collection efforts by the Defendants, Plaintiff suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### (47 U.S.C. § 227 ET. SEQ.)

79. Plaintiff realleges and incorporates by reference Paragraphs 1 through 78, inclusive, as if fully set forth.

80. Through the three (3) separate Cease and Desist Letters from Plaintiff's Counsel, sent via facsimile and US Mail, and via Plaintiff orally revoking any alleged consent for the Defendants to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice, Plaintiff clearly revoked consent for Defendants to contact him via the use of an ATDS and/or Recorded Voice.

81. The foregoing acts and omissions of the Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

82. As a result of the Defendants negligent violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

83. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

### THIRD CAUSE OF ACTION

#### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

#### (47 U.S.C. § 227 ET. SEQ.)

84. Plaintiff realleges and incorporates by reference Paragraphs 1 through 83, inclusive, as if fully set forth.

85. Through the three (3) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, and orally, Plaintiff revoked any alleged consent for the Defendants to call the Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

86. The foregoing acts of the Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

87. Therefore, since the Defendants continued to call Plaintiff despite indisputably being informed to not call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of and ATDS and/or Recorded Voice, the Defendants acts were willful.

88. As a result of the Defendants knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

89. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, jointly and severally, respectfully request this Court enter a Judgment against Defendants, jointly and severally, as follows:

a.    As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls and other debt collection efforts;

b.    As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c.    As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d.    As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendants' over fifty (50) negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e.    Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f.    As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendants' over fifty (50) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), totaling in excess of $75,000.00, pursuant to 47 U.S.C. § 227(b)(3)(C).

g.    For such other and further relief as the Court may deem just and proper.

Dated: February 20th, 2019          By:     /s/ Ahren A. Tiller____
                                               Ahren A. Tiller, Esq.
                                               BLC Law Center, APC
                                               Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: February 20th, 2019          By:     /s/ Ahren Tiller_____
                                            Ahren A. Tiller, Esq.
                                            BLC Law Center, APC
                                            Attorneys for Plaintiff